UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ANGELO SCOTT,

Petitioner,

v.

SHERBURNE COUNTY COURT,

Respondent.

Civil File No. 00-1141 (PAM/ESS)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) These proceedings have been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the petition be summarily dismissed, with prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

On March 2, 1992, Petitioner pled guilty to state criminal charges of first degree assault in violation of Minn.Stat. § 609.221. He was sentenced to 188 months in state prison, and he is presently serving his sentence at the Minnesota Correctional Facility, Oak Park Heights, Minnesota. (Petition, [Docket No. 1], p. (2), ¶s 1-5.)

[1] The applicable language in Rule 4 provides as follows:

"If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED MAY 10 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Nearly two years after he was sentenced, Petitioner filed a motion in the trial court seeking to have his sentence modified. That motion was denied, and Petitioner's subsequent attempt to appeal the trial court's ruling was summarily dismissed due to untimeliness. State v. Scott, 529 N.W.2d 11 (Minn.App. 1995), review denied, March 14, 1995.

Thereafter, Petitioner filed a post-conviction motion in the trial court, in which he again challenged the length of his sentence. The post-conviction motion was denied, and Petitioner again tried to appeal. This time the Minnesota Court of Appeals addressed Petitioner's sentencing claim on the merits, affirming the trial court's ruling and upholding his sentence. Scott v. State, No. C6-95-1805 (Minn.App. 1995), 1996 WL 12670 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's request for further review on March 19, 1996. Id.

It appears that Petitioner made no further effort to challenge his conviction or sentence until he filed his current application for federal habeas corpus relief on May 5, 2000. He presently claims that his sentence should be set aside because (1) "there are people who committed the same offense with less time," and (2) his sentence was a "departure from [the] plea bargain," and a "departure from guidelines." (Petition, p. (5), ¶12.) Neither of these claims can properly be addressed on the merits, however, because Petitioner's habeas corpus petition is clearly time-barred.

## II. DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus

statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, it appears that the latest possible date on which the statute of limitations could have begun to run was March 19, 1996 -- the date of the last Minnesota Supreme Court ruling in Petitioner's case.[2] The Eighth Circuit Court of Appeals has held, however, that the statute of limitations set forth at § 2244(d)(1) never begins to run any

---

[2] There is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) would have any applicability in this case. In other words, there is no suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period, nor is there any suggestion that Petitioner's claims are based on any newly-recognized constitutional right or any new evidence that could not have been discovered earlier.

earlier than the date when the statute was enacted -- April 24, 1996. Nichols v. Bowersox, 172 F.3d 1068, 1073 (8th Cir. 1999). Applying that rule here, the Court concludes that the statute of limitations did not actually began to run in this case until April 24, 1996. Thus, the one-year limitations period expired on April 24, 1997. Id. See also, Ford v. Bowersox, 178 F.3d 522, 523 (8th Cir. 1999) ("[i]n applying § 2244(d)(1) to cases where, as here, the judgment became final before the enactment of AEDPA on April 24, 1996, this Court has adopted a one-year grace period, ending April 24, 1997, for the filing of habeas petitions").

Petitioner did not file his present petition, however, until May 5, 2000, which was more than four years after the statute of limitations began to run in this case, and more than three years after the limitation period expired. Thus, the Court concludes that the instant petition is clearly time-barred and cannot be entertained at this late date.[3]

---

[3] The Court has considered the effect of the Eighth Circuit's holding that, for purposes of 28 U.S.C. § 2244(d)(1)(A), a judgment of conviction does not become "final" on direct appeal until the expiration of the deadline for filing a petition for writ of certiorari with the U.S. Supreme Court. Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 119 S.Ct. 1133 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup.Ct.R. 13.1. Thus, if the rule from Smith v. Bowersox is applicable to post-conviction proceedings, (and is not limited to direct appeals), the tolling period in Petitioner's case could be extended for an additional 90 days, i.e., until the deadline for seeking certiorari review of the State Supreme Court's decision on his post-conviction motion.

Although the Eighth Circuit has not directly decided this issue, at least two other federal circuit courts have concluded that the statute of limitations is not tolled during the period when a prisoner may seek certiorari review following an adverse ruling by the highest state court in a state post-conviction proceeding. Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999), cert. denied, 120 S.Ct. 808 (2000); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999). More importantly, even if the Court were to give Petitioner the benefit of the Smith v. Bowersox "90-day rule," his petition still would be time-barred. If the 90-day rule were applied here, the statute of limitations would have begun to run on June 17, 1996 -- 90 days after the Minnesota Supreme Court denied Petitioner's request for further review of his post-conviction motion. Thus, the limitations period would have expired on June 17,

Because it plainly appears on the face of the petition that Petitioner's habeas corpus claims are time-barred, the petition shall be summarily dismissed pursuant to Rule 4. Moreover, because Petitioner is no longer eligible for federal habeas corpus relief, it is recommended that the petition be dismissed with prejudice.[4] Finally, because his habeas corpus petition must be dismissed, Petitioner's application for leave to proceed in forma pauperis, (IFP), (Docket No. 2), will be denied. See Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED that**:

1. Petitioner's "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 2), be **DENIED**; and

---

1997, which is still almost three years before Petitioner filed his present petition.

[4] Even if this petition were not time-barred, it appears highly unlikely that Petitioner would be entitled to habeas corpus relief based on the claims presented in his petition. Such relief can be granted only where the Petitioner has shown a violation of his federal constitutional rights. Estelle v. McGuire, 502 U.S. 62, 67 (1991) (state court rulings on state law issues are not subject to federal habeas review). Sentencing claims, such as those advanced by Petitioner here, normally involve only issues of state law, which cannot be entertained in a federal habeas corpus proceeding. Martin v. Solem, 801 F.2d 324, 331 (8th Cir. 1986) ("state prisoners' claims of error involving sentencing... are matters governed by state law that are not cognizable in federal habeas proceedings").

2. The petition for writ of habeas corpus, (Docket No. 1), be **DISMISSED WITH PREJUDICE**.

Dated: May 10, 2000

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.